IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSA ORTEGA,

        **Plaintiff,**

  v.                                       Civil Action 2:24-cv-3702
                                                 Chief District Judge Sarah D. Morrison
                                                 Magistrate Judge Kimberly A. Jolson

NATIONWIDE CHILDREN'S
HOSPITAL,

        **Defendant.**

### OPINION & ORDER AND SHOW CAUSE ORDER

Before the Court is Plaintiff's Motion to Compel. (Doc. 57). The Motion seeks to compel non-party Sedgwick Claims Management Services, Inc. ("Sedgwick") to comply with a subpoena duces tecum served upon it on September 8, 2025. (*Id.*). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part.** The Court **ORDERS** Sedgwick to produce all nonprivileged documents responsive to the subpoena **within seven (7) days.**

Sedgwick is further **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Federal Rule of Civil Procedure Rule 45(g) or sanctions pursuant to its inherent powers. The Court **ORDERS** Plaintiff to effect service of this Order upon Sedgwick **within three (3) day**s and promptly file proof of such service.

**I.    BACKGROUND**

This case involves various discrimination claims that Plaintiff Rosa Ortega brings against her former employer, Nationwide Children's Hospital ("Nationwide"). In brief, Plaintiff, a pediatric dentist and Hispanic American woman, alleges that in August 2016, she was diagnosed with basal thumb arthritis. (Doc. 34 at ¶¶ 9, 10, 17, 20). She says Nationwide refused to accommodate her disability and instead required her to perform tooth extractions that exacerbated her condition. (*Id.* at ¶¶ 22–24, 38–

39, 41). Plaintiff's Complaint further alleges that she received differing treatment compared to her white or male coworkers and was retaliated against or ignored when she reported hazardous conditions, discriminatory practices, and harassing behavior. (*Id.* at ¶¶ 27–34, 41–42). Plaintiff alleges all of this led to her constructive discharge by Nationwide. (*Id.* at ¶¶ 43–47). Plaintiff's Complaint brings various discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12112(a); the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. § 1981; and the Ohio Revised Code § 4112. (*See generally* Doc. 34).

Plaintiff brings the instant Motion to compel non-party Sedgwick Claims Management Services, Inc to comply with subpoenaed document production. (Doc. 57). On September 8, 2025, Plaintiff served a subpoena duces tecum upon Sedgwick by personal service with a courtesy copy sent via Certified Mail Return Receipt (the "Subpoena"). (*Id.* at 7–21). Sedgwick's compliance deadline was September 19, 2025. (*Id.* at 10). According to Plaintiff, Sedgwick failed to produce anything or otherwise object to the production. (*See generally id.*).

On September 30, Plaintiff filed a Motion to Compel compliance from Sedgwick. (*Id.*). The Court expedited briefing on the Motion. (Doc. 59). To date, Sedgwick has not responded. The matter is now ripe for review.[1]

**II.    STANDARD**

Two Federal Rules are relevant here. First, Rule 45 of the Federal Rules of Civil Procedure permits parties in legal proceedings to command non-parties to attend depositions; produce documents, electronically stored information, or tangible items; and permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii). Courts "may hold in contempt a person who, having been served, fails without adequate

---

[1] At this time, the Court has reason to believe that Sedgwick was properly served with the Subpoena, Plaintiff's Motion, and the Court's order expediting briefing. (*See* Doc. 57 at 5–6 (certificate of service); 8 (proof of personal service), 19 (USPS tracking showing delivery of the Subpoena to a front desk/reception/mail room); Doc. 59 (ordering Plaintiff to promptly serve on Sedgwick a copy of the October 1 Order)).

excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). In the case of a subpoena to produce documents, the person responding to the subpoena "must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). Courts have held "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).

For its part, Federal of Civil Procedure Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted). And "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Wernet Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If so, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Fanty v. Greater Dayton Premier Management*, No. 3:23-cv-298, 2025 WL 1207667, at *2 (S.D. Ohio Apr. 25, 2025) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)).

### III. DISCUSSION

Plaintiff's Motion seeks an order compelling Sedgwick to comply with the Subpoena within seven days. (Doc. 57 at 3–4). She also asks for sanctions under Federal Rules of Civil Procedure 37(a)(5) and 45(g). (*Id.* at 4–5). To date, Sedgwick has not filed a memorandum in opposition or otherwise responded to Plaintiff's Motion to Compel, so the Court construes Plaintiff's Motion as unopposed. S.D. Ohio Civ. R. 7.2(a)(2). Ultimately, the Court grants Plaintiff's request to compel compliance and denies in part her sanctions request.

#### A. The Subpoena

To begin, the Court considers the relevance of the discovery sought. The Subpoena requests all documentation and communications concerning Plaintiff and her disability accommodations while employed at Nationwide. (Doc. 57 at 16–18). The Subpoena also includes requests for the relevant policies and procedures related to the Plaintiff's accommodations requests. (*Id.*). Clearly, these requests strike at the heart of Plaintiff's discrimination claims. Even more, according to Plaintiff, Defendant has repeatedly indicated in discovery responses that they "rely on [Sedgwick] as having possession of the requested documents" and directed "Plaintiff to seek said responsive documents related to Plaintiff's case from [Sedgwick]." (Doc. 57 at 3). For these reasons, the Court concludes the information sought in the Subpoena is relevant.

The burden now shifts to Sedgwick to show that production would be unduly burdensome or otherwise disproportional to the needs of the case. *Fanty*, 2025 WL 1207667, at *2. But because Sedgwick failed to respond, the Court will only briefly consider whether the Subpoena is void or invalid on its face. Upon review, the Court concludes it is not. (*See* Doc. 57 at 7–18).

Accordingly, the Court **GRANTS** Plaintiff's request to compel Sedgwick to comply with the Subpoena. (Doc. 57). The Court **ORDERS** Sedgwick to produce all nonprivileged documents

responsive to the Subpoena **within seven (7) days**. Plaintiff should promptly notify the Court when Sedgwick complies.

      **B.**      **Sanctions**

Turning now to Plaintiff's request for sanctions. Plaintiff seeks sanctions under both Federal Rules of Civil Procedure 37 and 45. Specifically, Plaintiff seeks attorney's fees and costs under Rule 37(a)(5). (Doc. 57 at 4–5). And she seeks an order holding Sedgwick in contempt under Rule 45(g), along with a daily coercive fine. Only one of these requests applies here.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that if the Court grants a motion to compel, it must require "the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." On its face, this provision does not apply to nonparties subject to document subpoenas—only to parties and deponents. In other words, the Federal Rules do not appear to provide for the type of sanction Plaintiff requests. *See, e.g.*, *Tolliver v. Noble*, No. 2:16-CV-1020, 2023 WL 6590648, at *2 (S.D. Ohio Sept. 19, 2023) (denying a request to hear argument on a motion under Rule 37(a)(5)(A) related to a third-party document subpoena because "Rule 37(a) governs motions to compel brought against other parties"); *Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094-TSH, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022) (holding the court cannot impose Rule 37 sanctions against a nonparty for asserted noncompliance with a subpoena issued under Rule 45 and collecting cases); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 20-CV-01712-LAB-JLB, 2021 WL 2633592, at *1 (S.D. Cal. June 25, 2021) ("The Court, however, may not use the enforcement remedies contemplated in Rule 37 for a nonparty's failure to comply with a subpoena duces tecum."); *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672 (N.D. Fla. 2010) ("Rule 37(a) does not appear to govern motions to compel production of documents made pursuant to Rule 45.").

Even more, Plaintiff acknowledges that "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is [Rule 45(g)]." *Weems v. Omni Hotels Mgmt. Corp.*, No. 3:21-CV-00293, 2022 WL 989144, at *1 (M.D. Tenn. Mar. 31, 2022) (citation omitted). Plaintiff has provided no other authority which persuades the Court that Rule 37(a) applies. As such, Plaintiff's request for attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A) is **DENIED**.

That said, the Court will consider whether contempt under Rule 45(g) or other sanctions under its inherent sanctioning power are appropriate. *See, e.g.*, *Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 2:21-CV-3925, 2023 WL 2752488, at *1 (S.D. Ohio Apr. 3, 2023) ("Separate from the authority to impose sanctions under the Federal Rules of Civil Procedure, the Court has 'the inherent power to impose sanctions to prevent the abuse of the judicial process.'" (citation omitted)). Accordingly, non-party Sedgwick Claims Management Services, Inc. is **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Rule 45 or sanctions pursuant to its inherent powers.

The Court **ORDERS** Plaintiff to effect service of this Order upon non-party Sedgwick Claims Management Services, Inc. within **three (3) days** and promptly file proof of such service.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Compel (Doc. 57) is **GRANTED in part and DENIED in part.** The Court **ORDERS** Sedgwick to produce all nonprivileged documents responsive to the subpoena duces tecum served upon it on September 8, 2025, **within seven (7) days.**

Sedgwick is further **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Federal Rule of Civil Procedure Rule 45(g) or sanctions

6

pursuant to its inherent powers.  The Court **ORDERS** Plaintiff to effect service of this Order upon Sedgwick **within three (3) day**s and promptly file proof of such service.

    IT IS SO ORDERED.


Date:  November 3, 2025　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE